UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRUCE L. BENNETT,<br><br>    Plaintiff<br><br>    v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC.,<br><br>    Defendant | Civil Action No. 21-2349 (CKK) |

**MEMORANDUM OPINION**
(June 9, 2022)

In this action, Plaintiff Bruce L. Bennett, an attorney proceeding *pro se*, alleges that two employees of a FedEx Office store defamed him after another customer accused him of stealing her credit card. Pending before the Court is Defendant FedEx Office and Print Services Inc.'s [5] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon review of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court shall **GRANT** Defendant's Motion to Dismiss and shall **DISMISS** this case.

### I.   BACKGROUND

**A. Factual Background**

The following facts, which the Court must accept as true at this stage of the proceedings, are set forth in Plaintiff's Complaint, ECF No. 1-2. *See Brown v. Gov. of Dist. of Columbia*, 390 F. Supp. 3d 114, 122 (D.D.C. 2019).

---

[1] The Court's consideration has focused on the following:
- Defendant's Motion to Dismiss ("Def.'s Mot."), ECF No. 5;
- Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n"), ECF No. 8; and
- Defendant's Reply in Support of Motion to Dismiss ("Def.'s Reply"), ECF No. 10.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

Plaintiff, who proceeds *pro see*, is an attorney who resides in Washington, D.C. Compl. at 7.² On May 12, 2021, Plaintiff was "having copies made" at a FedEx Office store located at 715 D Street SE in Washington, D.C. *Id.* at 2. While Plaintiff was being assisted by a store employee, another customer, a "middle-aged white woman," approached him and "began to loudly exclaim to the Plaintiff . . . that [he] had stolen her credit card." *Id.* at 4. Plaintiff denied having her credit card, prompting the woman to become "louder and more belligerent," and to threaten to "get the police." *Id.* Plaintiff alleges that there were other customers in the store at the time who knew him. *Id.*

According to Plaintiff, a store manager asked him to come speak to her and another manager. *Id.* at 5. The two managers "questioned the Plaintiff as to what was going on" and mentioned that they had heard the female customer yelling from "all the way [at] the back of the store." *Id.* They also asked if Plaintiff had the female customer's credit card, to which Plaintiff responded that he did not. *Id.* Another customer then approached the managers and handed over the "stolen credit card," explaining that it had "accidentally gotten stuck in some of his work papers." *Id.*

Plaintiff contends that this encounter was "unlawful racial profiling," which resulted in a "lost contract" and "damage to [Plaintiff] personally." *Id.* at 2. He alleges that due to this "unlawful racial profiling," he was "late in filing an independent contract that he sought to secure." *Id.* at 6. He asserts claims for "defamation and slander," *id.* at 8; Pl.'s Opp'n at 1, and seeks damages in the amount of $200,000, Compl. at 9.

---

² The Court's citations to the Complaint refer to the page numbers specified in the ECF-generated heading of the document filed at ECF No. 1-2.

### B. Procedural Background

Plaintiff filed his Complaint in D.C. Superior Court on July 14, 2021.  *See* ECF No. 1-1. Counsel for Defendant accepted service of the summons and Complaint on Defendant's behalf on August 13, 2021.  On September 3, 2021, Defendant removed the action to this Court pursuant to § 1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.  Notice of Removal, ECF No. 1.  Plaintiff resides in the District of Columbia, and Defendant is incorporated in and maintains its principal place of business in Texas. *Id.* ¶¶ 9, 10; Declaration of Tim Alford ("Alford Decl.") ¶ 3, ECF No. 1-6.  Plaintiff seeks damages of $200,000.  Compl. at 1.

On September 10, 2021, Defendant filed a [5] Motion to Dismiss, seeking dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See generally* Def.'s Mot.  In an order dated September 10, 2021, the Court directed Plaintiff to file a response to Defendant's Motion to Dismiss by no later than October 15, 2021.  In accordance with *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court advised Plaintiff that a failure to respond by that date would result in the Court treating the motion as conceded and dismissing the case.  Plaintiff filed his opposition on September 17, 2021, and Defendant filed its reply on September 24, 2021.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  The factual allegations within a complaint, if accepted as true, must be sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts "do not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 314–15 (D.C. Cir. 2014).

Complaints submitted by plaintiffs proceeding *pro se* are reviewed by the court under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* plaintiff must still plead "'factual matter' that permits the court to infer more than the 'mere possibility of misconduct.'" *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (citation and internal quotations omitted). However, an attorney proceeding *pro se*—as is the Plaintiff in this case, *see* Compl. at 5, 7—is "not entitled to the same level of solicitude often afforded non-attorney litigants" because an attorney is "presumed to have knowledge of the legal system." *Lovitky v. Trump*, 308 F. Supp. 250, 253 (D.D.C. 2018) (internal quotation marks omitted) (quoting *Lempert v. Power*, 45 F. Supp. 3d 79, 81 n.2 (D.D.C. 2014)).

### III. DISCUSSION

Plaintiff characterizes this suit as "an action for damages regarding slander and defamation." Compl. at 4. Defendant argues that Plaintiff's Complaint fails to allege facts plausibly stating either claim, and seeks dismissal of this action pursuant to Rule 12(b)(6). The Court agrees with Defendant, and so shall dismiss this case.

To state a claim for defamation under District of Columbia law, a plaintiff must allege "(1) that he was the subject of a false and defamatory statement; (2) that the statement was published to a third party; (3) that publishing the statement was at least negligent; and (4) that the plaintiff suffered either actual or legal harm." *Farah v. Esquire Magazine*, 736 F.3d 528, 533–34 (D.C.

Cir. 2013). "When confronted with a motion to dismiss [a defamation claim], a court must evaluate '[w]hether a statement is capable of defamatory meaning,'" which is a threshold "question of law." *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1091 (D.C. Cir. 2007) (quoting *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 627 (D.C. Cir. 2001)). "A court must also determine the threshold question of law of whether the statement is false." *Smith v. Clinton*, 253 F. Supp. 3d 222, 239 (D.D.C. 2017) (citing *White v. Fraternal Order of Police*, 909 F.2d 512, 520 (D.C. Cir. 1990)). Because Plaintiff fails to plausibly allege that Defendant made "statements" that were false or capable of defamatory meaning, his defamation claim fails as a matter of law.

      The Complaint alleges three "statements" made by Defendant's employees to Plaintiff: (1) questioning Plaintiff about "what was going on" concerning the altercation between Plaintiff and the female customer; (2) asking Plaintiff if he had the female customer's credit card; and (3) stating that they could hear the female customer yelling "all the way to the back of the store." Compl. at 5. "A statement is defamatory 'if it tends to injure plaintiff in his trade, profession or community standing, or lower him in the estimation of the community.'" *Weyrich*, 235 F.3d at 627 (quoting *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1293–94 (D.C. Cir. 1988)). The alleged defamatory remark "must be more than unpleasant or offensive; the language must make the plaintiff appear 'odious, infamous, or ridiculous.'" *Howard Univ. v. Best*, 484 A.2d 958, 989 (D.C. 1984) (quoting *Johnson v. Johnson Pub. Co.*, 271 A.2d 696, 697 (D.C. 1970)). None of the three alleged "statements" satisfies these requirements.

      Defendant argues the first two "statements" alleged were actually questions, and therefore are insufficient to establish the first element of a defamation claim. Def.'s Mot. at 5. This jurisdiction follows the "widely adopted defamation principle that questions are questions." *Abbas v. Foreign Policy Grp. LLC*, 783 F.3d 1328, 1339 (D.C. Cir. 2015). "[A]s a matter of defamation

law . . . a question, however embarrassing or unpleasant to its subject is not [an] accusation." *Id.* at 1338 (internal citation and quotation marks omitted). Because questions "indicate a defendant's lack of definitive knowledge about the issue . . . posing questions has rarely given rise to successful defamation claims." *Id.* Neither question alleged here supplies the basis for a false and defamatory statement.

As to the third statement alleged in the Complaint—the FedEx manager's comment that the female customer's yelling could be heard from the back of the store—Plaintiff has not pled sufficient facts demonstrating that this statement was false or capable of defamatory meaning. First, the manager's observation concerns the female customer, not Plaintiff. *See Deripaska v. Associated Press*, 282 F. Supp. 3d 133, 143 (D.D.C. 2017) ("Defamation is personal; a plaintiff who alleges defamation must show that the statement was published of and concerning him." (internal citation and quotation marks omitted)). Second, nothing in the Complaint shows this comment was false; rather, Plaintiff himself alleges that the female customer became "louder and more belligerent" throughout their interaction. *See* Compl. at 4. Accordingly, the factual allegations regarding the managers' comment about the female customer's volume also fail to state a plausible defamatory or false statement.

In his Opposition, Plaintiff does not directly address any of Defendant's arguments regarding the lack of any defamatory or false statement. Instead, he re-summarizes the facts alleged in the Complaint, asserting that they give rise to a defamation claim. Plaintiff's conclusory assertions are insufficient to overcome the deficiency of his factual allegations. Moreover, Plaintiff concedes that it was the *female customer* who "made the defaming and slanderous statements," not any of Defendant's store employees. Pl.'s Opp'n at 2.

6

Finally, although Plaintiff characterizes his claim as one for "Defamation/Slander," he cites in his Opposition a case addressing a "libel *per se*" claim. *See id.* at 1 (citing *Raboya v. Shrybman & Assocs.*, 777 F. Supp. 58 (D.D.C. 1991)).[3] To the extent Plaintiff seeks to state claim for "libel *per se*" under District of Columbia law, the Complaint also fails to plausibly allege facts supporting such a claim. An actionable libel *per se* claim requires the "contents of a defamatory publication" which are "attributable to [the] defendant" to "impute . . . the commission of some criminal offense" that "involves moral turpitude and is such as will injuriously affect [the Plaintiff's] social standing[.]" *Raboya*, 777 F. Supp. at 59 (quoting *Farnum*, 293 A.2d at 281). The Complaint fails to allege facts supporting any such "defamatory publication" satisfying this requirement. Plaintiff fails to allege facts plausibly stating a claim that any of Defendant's employees made any statement which imputed the commission of such a crime to him. Accordingly, to the extent Plaintiff seeks to pursue a claim for "slander" distinct from his "defamation" claim, that claim also fails to pass muster under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Defendant's [5] Motion to Dismiss the Complaint is **GRANTED**. This case shall be **DISMISSED**. An appropriate Order accompanies this Memorandum Opinion.

                                              /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge

Date: June 9, 2022

---

[3] Although the court in *Raboya* uses the term "libel *per se*," the case upon which it relies to present the elements of such of claim uses the term "slander *per se*." *Farnum v. Colbert*, 293 A.2d 279, 281 (D.C. 1972).